UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LUKE BOWER,

           Plaintiff,          Case No. 2:21-cv-226

v.                                 Honorable Maarten Vermaat

SUBRINA AIKEN et al.,

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint[2] for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th ___, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff has filed a motion seeking leave to file an amended complaint (ECF No. 6), and he has attached a proposed amended complaint (ECF No. 6-1). A party may amend once as a matter of course before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Because Plaintiff is entitled to file an amended complaint, his motion will be granted, and his attached proposed amended complaint (ECF No. 6-1) will be docketed as his amended complaint.

about which he complains occurred at that facility. Plaintiff sues Administrative Assistant Subrina Aiken, Registered Nurses B. Tanes and D. Carlson, and Unknown Parties.

Plaintiff alleges that in the spring of 2014, "MDOC medical informed [him that] his initial bloodwork" indicated that he had Hepatitis C. (ECF No. 6-1, PageID.24.) A liver biopsy confirmed that Plaintiff had chronic Hepatitis C. (*Id.*) In 2018, Plaintiff was removed from the treatment waiting list. (*Id.*) After "years of [petitioning] healthcare to no avail," Plaintiff filed a grievance. (*Id.*) He asserts that "Defendants responded to [the] grievance." (*Id.*, PageID.25.)

Plaintiff alleges that by refusing to treat his Hepatitis C, "medical has shown deliberate indifference to a serious medical need" in violation of his Eighth Amendment rights. (*Id.*) Plaintiff seeks injunctive relief in the form of compelling "medical to administer HCV cure treatment" to him, as well as compensatory, punitive, and nominal damages. (*Id.*)

## II. Failure To State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting

*Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges an Eighth Amendment violation based upon the failure to treat his Hepatitis C. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care, like a claim for the use of excessive force, has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867

(6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

7

Plaintiff's allegations against Defendants, however, are scant. He merely asserts that Defendants denied his grievance regarding the lack of treatment. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) (citing *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of a grievance is not the same as the denial of a request to receive medical care."). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff simply fails to allege that Defendants engaged in any active unconstitutional behavior.

Moreover, Plaintiff has not properly alleged the objective or subjective elements of a deliberate indifference claim. With regard to the objective prong, it is possible that Hepatitis C would constitute a serious medical need. The Sixth Circuit Court of Appeals recently described Hepatitis C infection as follows:

> HCV is a bloodborne virus commonly spread by sharing contaminated needles, using unsterilized tattoo equipment, and engaging in sexual behavior. The most

8

> common HCV symptoms range from fatigue and jaundice to severe inflammation, skin lesions, and cognitive impairment. HCV is categorized as either acute or chronic. In the acute phase, HCV does not cause noticeable symptoms and some people clear the virus from their systems within six to twelve months. Those who do not clear the virus suffer from chronic HCV.[1] In the chronic phase, HCV is progressive and attacks the liver, which, over time, causes scarring or fibrosis. The rate at which the virus causes scarring varies from person to person. Some people might not develop scarring for 20 to 30 years, while others might suffer accelerated scarring. Between 20 and 40 percent of people who have chronic HCV eventually develop cirrhosis, which is a severe condition causing the liver's affected areas to stop functioning.
>
> There is no vaccine for HCV. In years past, doctors treated the virus with an injectable medication called interferons. This treatment is marginally effective; it requires that patients stay sober, causes several unpleasant side effects, and has a success rate of 30 percent. Fortunately, in 2011, the FDA approved a new class of drugs called direct-acting antivirals (DAAs), which cure nearly all the HCV patients who take them. But the treatment comes at a price; a single course of treatment costs between $13,000 and $32,000.
>
> [1] Medication is necessary to cure chronic HCV.

*Woodcock v. Corr. Care Solutions*, 861 F. App'x 654, 659 (6th Cir. 2021) (addressing the hepatitis treatment regimen in Kentucky); *see also Atkins v. Parker*, 972 F.3d 734, 736 (6th Cir. 2020) (addressing the hepatitis treatment regimen in Tennessee); *Jones v. Smith*, No. 1:15-cv-1308, 2017 WL 4326096, at *3 (W.D. Mich. July 26, 2017) *report and recommendation adopted* 2017 WL 4329725 (W.D. Mich. Sept. 26, 2017) *aff'd* No. 17-2266, 2019 WL 1810923 (6th Cir. Jan. 3, 2019) *cert. denied* 139 S. Ct. 2750 (2019) (addressing the hepatitis treatment regimen in Michigan); *Dodson v. Wilkinson*, 304 F. App'x 434 (6th Cir. 2008) (addressing the hepatitis treatment regimen in Ohio, before the availability of direct-acting antivirals). But, Plaintiff fails to specifically articulate what treatment he believes he should have received for his Hepatitis C. His request for relief indicates that he is after a "cure" for his hepatitis. The Court concludes, therefore, that Plaintiff contends that he should be treated with direct-acting antivirals.

In *Woodcock*, the Sixth Circuit considered the nature of the objective component where prisoners complained that they were not provided direct-acting antivirals:

9

Plaintiffs' § 1983 claim fails on the objective component, so we do not reach the subjective component. Here, the parties do not dispute that Plaintiffs have a serious medical need. So, Plaintiffs need only prove that "the alleged deprivation of medical care was serious enough to violate the Eighth Amendment," *Rhinehart*, 894 F.3d at 737; that is, that it amounted to incarceration "under conditions posing a substantial risk of serious harm," *Ford*, 535 F.3d at 495 (citation omitted). We apply two different standards to decide whether an inmate suffered a constitutional deprivation. One applies when an inmate receives no treatment for a serious medical need, and the other applies when an inmate receives ongoing treatment.

Under the no-treatment standard, when a physician diagnoses a serious medical need, "the plaintiff can establish the objective component by showing that the prison failed to provide treatment." *Rhinehart*, 894 F.3d at 737. Under the ongoing-treatment standard, a plaintiff can establish the objective component by showing that the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 740 (citation omitted). The inmate must proffer evidence that the care was inadequate and that he or she suffered a detrimental effect as a result. *Id.* at 737–38.

The district court applied the ongoing-treatment standard and determined that screening and monitoring HCV-infected inmates under the HCV Treatment Plan constituted treatment and that that treatment was adequate under the Eighth Amendment. *Woodcock*, 2020 WL 556391, at *5–6. Plaintiffs argue that the district court should have applied the no-treatment standard because the 2018 HCV Treatment Plan neither "alleviated" nor "cured" Plaintiffs' HCV. They assert that only the cure provided by DAAs suffices as treatment.

We cannot agree that Plaintiffs received no treatment at all, and at least two of our sister circuits and the Supreme Court have held similarly. In *Roy v. Lawson*, 739 F. App'x 266, 266–67 (5th Cir. 2018) (per curiam), the Fifth Circuit rejected an inmate's argument that even though the prison's "medical personnel regularly . . . monitor[ed] his condition through lab work and blood testing," he received no treatment because the prison failed to give him "the optimum drug therapies for Hepatitis C." In *Black v. Alabama Dep't of Corr.*, 578 F. App'x 794, 795–96 (11th Cir. 2014) (per curiam), the Eleventh Circuit rejected an inmate's characterization of the case as "a case of denied or delayed treatment" because the prison did not "consider[ ] [him] for antiviral drug treatment," and noted that the prisoner "received regular care and monitoring for his Hepatitis C and medication for his symptoms." And the Supreme Court has held that "X-ray[s] or additional diagnostic techniques" are "forms of treatment." *Gamble*, 429 U.S. at 107, 97 S.Ct. 285. Like the prisons' plans in *Roy* and *Black*, the KDOC plan provides for treatment in the form of diagnosing and monitoring HCV-infected inmates.

Plaintiffs are ultimately complaining about the adequacy of their treatment. But an inmate's "disagreement with the testing and treatment he has received," or his "desire for additional or different treatment," does not amount to an Eighth Amendment violation. *Rhinehart*, 894 F.3d at 740 (citation omitted). Here,

10

> Plaintiffs have not presented evidence that would allow any reasonable factfinder to conclude that Plaintiffs' treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 737 (citation omitted).

*Woodcock*, 861 F. App'x at 659–60. Plaintiff, likewise, in his conclusory allegations, contends that Defendants denied him treatment because they failed to provide direct-acting antivirals. But other than stating that he suffers from Hepatitis C, Plaintiff provides no allegations regarding his condition or his symptoms that might permit the Court to infer that his condition is sufficiently serious to warrant the treatment he desires, nor does Plaintiff allege how the lack of such treatment exposed him to an unreasonable risk of harm.

Plaintiff's scant and conclusory allegations also fail to support an inference that Defendants have disregarded a known risk to Plaintiff's health. To the extent that Defendants are monitoring Plaintiff's condition and addressing symptoms as they arise, they are not disregarding the risk Hepatitis C poses to Plaintiff. Plaintiff's allegation that Defendants are failing to cure him with direct-acting antivirals does not permit the inference that Defendants are failing to monitor Plaintiff's condition or failing to treat symptoms as they arise. Plaintiff's conclusory allegations of unconstitutional conduct without specific factual allegations simply fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff, therefore, has not set forth a plausible Eighth Amendment claim premised upon the denial of Hepatitis C treatment, and his amended complaint will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C.

11

§ 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: February 25, 2022 /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge